DENNIS C. WINTERS- BAR NO. 89872
**WINTERS LAW FIRM**
1820 East 17th Street
Santa Ana, CA  92705
Telephone:  (714) 836-1381
Facsimile:   (714) 542-2495
E-mail:winterslawfirm@cs.com

Attorneys for Defendants

## UNITED STATES DISTRICT  COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MOISES GARCIA GUILLEN | Case No. 2:15-CV-09699 RGK |
| Plaintiff | **AMENDED NOTICE OF MOTION AND NOTICE OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM (FRCP 12(b)(6) & (1);** |
| v | |
| CORNERSTONE FINANCIAL SERVICES; DAVID STONE dba CORNERSTONE FINANCIAL SERVICES; DAVID STONE, an individual; | Before Hon. R. Gary Klausner |
| Defendants | Date: February 29, 2016 Time: 9:00 am CTRM: 850 255 E. Temple, Los Angeles, CA 90012 |

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that on February 29, 2016, at 9:00 AM, or as soon thereafter as counsel may be heard by the above-entitled Court, located at Courtroom 850, 255 E. Temple, Los Angeles, CA 90012, defendants CORNERSTONE FINANCIAL SERVICES; DAVID STONE dba CORNERSTONE FINANCIAL SERVICES; DAVID STONE, an individual;, by and through their counsel, will and hereby do hereby move for an Order Dismissing the Complaint herein, and each and every alleged Claim therein on the grounds that such Complaint fails to state a Claim for Relief against these Defendants.

The grounds of the motion are that :

The Complaint should be dismissed without leave to amend/with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth below:

The Complaint fails to allege facts stating a RICO Claim for Relief because it fails to allege the requirements of pleading, including the requirement of showing conduct constituting racketeering, failure to allege a racketeering enterprise or pattern, the complaint fails to show allegation of the minimum requirement of two predicate acts and the complaint fails to properly allege proximate cause of any injury or that Plaintiff has standing.

As to the remaining pendent Claims, the claims fail to allege the specificity required by FRCP Rules 8 and 9 including particular requirement for fraud and proximate cause for any alleged injury.

This motion is based upon this Notice, the Motion and Memorandum of Points and Authorities and the Request for Judicial Notice filed herewith, the complete files and records of this action, and on such evidence and argument as may be presented at the hearing.

                                           Respectfully submitted

DATED: January 20, 2016                WINTERS LAW FIRM

                                           By:   */s/Dennis C. Winters*
                                         Dennis C. Winters, Attorney for Defendants

1

**<u>TABLE OF CONTENTS</u>**

2

**1. <u>INTRODUCTION</u>** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3

**2. <u>BACKGROUND</u>** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

4

**3. <u>ARGUMENT</u>** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5

   **A.  Court should Dismiss complaint for failure to state a claim FRCP12
   (b)(6)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

6

7

   **B. Plaintiff's alleged RICO Claims for Relief are insufficiently specific
   under *Twombly*, *Iqbal* and *American Dental Association*** . . . . . . . . . . . . 5

8

   **C. RICO (Claims 1 and 2)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

9

       **1) Alleged claims  fails to state a claim under FRCP 12(b)(6) by not
       alleging a chargeable act and should be dismissed** . . . . . . . . . . . 6

10

11

       **2)Plaintiff has failed to allege two predicate act under section
       §1961(1) because has not alleged two  predicate acts by
       defendants** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

12

       **3) Plaintiff has failed to allege the existence of an "enterprise"**    10

13

       **4) Plaintiff has failed to allege that a business or property interest
       recognized by state law has been directly injured by the alleged
       racketeering activities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

14

15

       **5)  Plaintiff's First and Second Claims for Relief fails because the
       Complaint does not contain facts showing that all Defendants
       knowingly agreed to facilitate operation or management of a
       RICO enterprise.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

16

17

   **D.  Plaintiff's Third and Fourth Claims for Relief fail as there is no such
   Claim as "Civil Conspiracy"** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18

19

   **E.  Fifth and Sixth Claim for Relief Conversion and Violation of the
   Commercial Code is barred by applicable precedent** . . . . . . . . . . . . . . 15

20

   **F.  Seventh Claim for Relief for breach of contract fails to
   state a claim** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

21

22

   **G.  Eighth Claim for Relief for misrepresentation fails to state a claim.** 18

23

   **H.  Ninth Claim for Relief for unfair business practices fails to state a
   claim (California Business & Professions Code §§17200 et seq.)** . . . . . 19

24

25

   **I.  Tenth Claim for Relief fails as it does not state grounds for a
   Declaratory Judgment.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

26

27

**4.  CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

28

1

**<u>TABLE OF AUTHORITIES</u>**

2

**<u>CASES</u>**

3

4

*Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir.2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5

*Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) . . . . . . . 5,6
*Anderson v. Ayling*, 396 F.3d 265, 270-71 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . 12
*Allard v. Ford Motor Credit Co.*, 139 Vt. 162 ,422 A. 2d 940 (1980) . . . . . . . . . 16

6

*Anza v. Ideal Steel Supply Corp.*, 547 US 451, 459, 164 L. Ed. 2d 720(2006) 12, 17
*Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) . . . . . . . 4

7

*Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5
*Aspen Enterprises, Inc. v. Bodge*, 37 Cal. App. 4th 1811(1995) . . . . . . . . . . . . . . 17

8

*Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . 4
*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) . . . . . . . . . 5

9

*Bank of America v. Lallana*, 77 Cal.Rptr.2d 910,960 P.2d 1133,
19 Cal.4th 203 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

10

*Banker v. Upper Valley Refrigeration Co., Inc.*, 771 F. Supp. 6, 9
(Dist. Court, D. N.H.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) . . . . . . . . . . . . . . . . . . . . 4,5,6
*Beck v. Prupis*, 529 U.S. 494, 507 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

12

*Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 740–41, 95 S.Ct. 1917, 1
928, 44 L.Ed.2d 539 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13

*Borg-Warner v. Scott*, 86 Wash.2d 276,543 P. 2d 638
(Wash: Supreme Court 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

14

*Briscoe v. LaHue,* 460 U.S. 325, 333, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) . . . . . . . . . 8
*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th

15

Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*In re Buttram*, 2 BR 92, 97 (Bankr. Court, ND Ok 1979) . . . . . . . . . . . . . . . . . . . 16

16

*Carma Developers (Cal.) v. Marathon Dev. Calif.*, 2 Cal.4th 342, 826 P.2d 710 6
Cal. Rptr.2d 4671992 (1992) at 373 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

17

*Colony at Holbrook, Inc. v. Strata GC, Inc.*, 928 F. Supp. 1224, 1231
(ED New York 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18

*Conley v Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957) . . . . . . . . . . . . . 4
*Diaz v. Gates*, 420 F.3d 897, 899 (9th Cir. 2005), citing *Doe v. Roe*, 958 F.2d 763,

19

768 (7th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
*Direct Buying Service, Inc. v. Standard Oil*, 36 Cal.3d 752 (1984) 206 Cal. Rptr.

20

354, 686 P. 2d 1158 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
*DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F. 2d 1242,1247

21

(2nd Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
*Elster's Sales v. El Bodrero Hotel, Inc.*, 250 Cal. App. 2d 258,

22

58 Cal. Rptr. 492 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
*Encompass Holdings, Inc. v. Daly*, WL 5088878, at *2 (N.D. Cal. Dec. 8, 2010) 14

23

*Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) . . . . . . . . . 7, 19
*Guerrero v. Gates*, 357 F.3d 911, 920 (9th Cir.2004) . . . . . . . . . . . . . . . . . . . . . . 12

24

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir.
1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

25

*Haroco, Inc. v. American National Bank & Trust Co. of Chicago*, 747 F.2d 384, 398
(1984), aff'd, 473 U.S. 606. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

26

*Herring Min. v. Roberts Bros. Coal Co.*, 747 SW 2d 616
(Ky: Court of Appeals 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

27

*Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 265–70 (1992) . . 11
*Howard v. America Online Inc.*, 208 F. 3d 741, 748 (9th Circuit 2000) . . . . . . . . . 9

28

*Limestone Dev. Corp. v. Vill. of Lemont*, Ill., 520 F.3d 797, 802-03
    (7th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10
*Marina Point Dev. Associates v. United States*, 364 F. Supp.2d 1144, 1148
    (C.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510,
    512, 85 L.Ed. 826 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
*Medallion Television Ent. v. SelecTV of California*, 833 F. 2d 1360
    (9th Circuit 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
*Miller v. Yokohama Tire Corp.*, 358 F. 3d 616, 620 (9th Cir. 2004) . . . . . . . . . . . 6
*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) . . . . . . . . . . . . . . 6
*Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) . . . . . 7
*Northeastern Fla. Chapter of the Associated Gen. Contractors v. City of
    Jacksonville*, 508 U.S. 656, 663-664 (1993) . . . . . . . . . . . . . . . . . . . . . 12
*Neumeyer v. Union Bank*, 43 Cal. App. 3d 873, 43 Cal.App.3d 873 (1974) . . . . 17
*Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) . . . . . . . . . . . . . . 10
*Oscar v. University Students Co-operative Association*, 965 F.2d 783, 788
    (9th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
*Red Ball Interior Demolition Corp. v. Palmadessa*, 908 F. Supp. 1226, 1238
    (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11
*Religious Technology Center v. Wollersheim,* 971 F. 2d 364, 366
    (9th Circuit 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th
    Cir.1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496-97, 105 S. Ct. 3275,
    87 L. Ed. 2d 346 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
*Summit Properties Inc. v. Hoechst Celanese Corp.*, 214 F. 3d 556, 562 (5th Circuit
    2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
*United States v. Feldman*, 853 F.2d 648, 656 (9th Cir. 1988) . . . . . . . . . . . . . . 10
*U.S. v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir.2004). . . . . . . . . . . . . . . . . . 14
*United States v. Turkette*, 452 U.S. 576, 583 (1981) . . . . . . . . . . . . . . . . . . . . 10
*W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) . . . . . . . . . . . . . . 4
*Watson Laboratories, Inc. v. Rhone-Poulenc Rorer*, 178 F. Supp. 2d 1099 (Dist.
    Court, CD Ca 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
*Wickland Oil Terminals v. Asarco, Inc.*, 792 F. 2d 887, 893 (9th Circuit 1986) . 20

**STATUTES AND RULES**

Statutes

11 U.S.C. §362 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
18 U.S.C. § 1961(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9
18 U.S.C. § 1962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 12, 14
18 U.S.C. § 1964 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Federal Rules

Federal Rules of Civil Procedure Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . 4
Federal Rules of Civil Procedure Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . 14
Federal Rules of Civil Procedure Rule 9 . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 19
Federal Rule of Evidence 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

1

2    <u>Other</u>

3    California Commercial Code (CCC) §9610(b) ................................. 15
     CCC §9622 ................................................................ 15
4    CCC §9623 ................................................................ 17

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   DENNIS C. WINTERS, ESQ. - BAR NO. 89872
    **WINTERS LAW FIRM**
2   1820 East 17th Street
    Santa Ana, CA  92705
3   Telephone:  (714) 836-1381
    Facsimile:  (714) 542-2495
4   E-mail:winterslawfirm@cs.com

5   Attorneys for Defendants

6

7

8                     **UNITED STATES DISTRICT  COURT**
                      **CENTRAL DISTRICT OF CALIFORNIA**
9

10  MOISES GARCIA GUILLEN          )    Case No.2:15-CV-09699 RGK
                                   )
11              Plaintiff          )
                                   )    **M O T I O N   T O   D I S M I S S**
12  v                              )    **COMPLAINT FOR FAILURE TO**
                                   )    **STATE A CLAIM (FRCP 12(b)(6)**
13  CORNERSTONE  FINANCIAL)             **&(1); POINTS AND AUTHORITIES;**
    SEVRICES;  DAVID  STONE  dba)       **DECLARATION;  REQUEST  FOR**
14  CORNERSTONE  FINANCIAL)             **NOTICE**
    SERVICES;  DAVID  STONE,  an)
15                                 )
    individual; John Beery, et al.  )    Before Hon. R. Gary Klausner
16                                 )
                Defendants         )    Date: February29, 2016
17                                 )    Time: 9:00 am
                                   )    CTRM: 850
18                                 )    255 E. Temple, Los Angeles, CA 90012
    _____ )
19

20

21          COMES NOW CORNERSTONE FINANCIAL SERVICES; DAVID STONE dba

22  CORNERSTONE FINANCIAL SERVICES; DAVID STONE, an individual (Defendants);

23  who move the Court for Dismissal of the Complaint as follows:

24      1. **INTRODUCTION**

25          A plaintiff claiming a civil RICO violation must allege each of the claim's elements,

26  including (1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity

27  (5) that is the proximate cause of the alleged harm to the plaintiff. (18 U.S.C. §§ 1961 &

28  1964(c).)

Here, plaintiff has failed to adequately allege (and cannot adequately allege based on the facts):

• Conduct, including a predicate racketeering activity under section 1961(1);

• An enterprise under Section 1961(4);

• A pattern or multiple acts;

• Proximate cause for alleged harm to plaintiff;  or

• Standing under Section 1964(c).

Further, the pendent claims are barred for failure to state a claim, including lack of specificity under FRCP Rule 9 and failure to properly allege injuries proximately caused by any of the alleged wrongdoing.

Still further, the allegation of all, or at least some of the alleged Claims for Relief are based on statements and filings made in connection with prior litigation and are barred by the California litigation privilege and subject to a special motion to strike under California's Anti-SLAPP law California code of Civil Procedure § 425.16.  That will be addressed in a separate special Motion.

## 2. **BACKGROUND**

This entire dispute revolves around a debtor, Plaintiff, who failed to make payments on his truck, had it repossessed and sold at private sale. Note, the balance at time of repossession was $79,981.00 (See Complaint, Exhibit "3"), the vehicle was sold for $48,000.00 (Complaint Exhibit "2") Plaintiff filed Bankruptcy and tried to unwind the sale, without offering to tender the deficiency balance or even bring the account current. The Bankruptcy Court refused to unwind the sale and dismissed a very similar lawsuit.(See Request for Judicial Notice.)  Now the Plaintiff repackages the failed Bankruptcy lawsuit as a "RICO Class Action" and brings the lawsuit to this Court.

Briefly, Defendant Cornerstone Financial Services ("Cornerstone") financed the purchase of two commercial trucks for Plaintiff and his brother, taking back a security interest in the trucks. This was a commercial transaction not covered by the California Civil

Code's Rees-Levering Act. Under the Security Agreement, on default Cornerstone was authorized to pursue various remedies, including repossession.

The Debtor was in default (The Complaint calls the Default "alleged," but does not deny there was a default.) Cornerstone caused the truck to be repossessed and sold the truck at private sale on March 5, 2015. Debtor filed Chapter 13 Bankruptcy under Title 11 on March 6, at 5:08 PM. (As indicated, Cornerstone, in fact, sold the truck at a price in excess of its "blue book value, but still significantly less than the amount owed on the purchase contract.)

Cornerstone waived any deficiency against this Debtor when it sold the truck upon repossession.

Subsequent to the filing Bankruptcy, Debtor moved for an Order for Turnover of the vehicle, which Motion was denied. See Request for Judicial Notice.

The Plaintiff filed a strikingly similar Complaint in the Bankruptcy Court (See Request for Judicial Notice.) Throughout that Complaint, Plaintiff repeatedly admitted both the repossession and the re-sale of the collateral took place prior to the filing of the Bankruptcy petition. See paragraphs 13, 14, 51, 76, 94, 113, and 133(d) &(j). The Defendants in that action filed a Motion to Dismiss and/or Abstain. The Bankruptcy Court, Judge Vincent Zurzolo, Judge presiding, found grounds for Dismissal; dismissing all Federal Claims with prejudice and dismissing the pendent claims as state court issues subject to absention, and entered an Order that dismissed the Adversary Complaint pursuant to the Defendant's Motion. (See Request for Judicial Notice.) The Bankruptcy Plan ultimately failed and the Bankruptcy was dismissed. While the new Complaint includes the reference to the filing of the Chapter 13, and references documents filed in the Bankruptcy Court as part of Defendants' Motion to Dismiss, the Complaint carefully avoids the admission that the Plaintiff had filed a motion to require turnover and a markedly similar complaint in the Bankruptcy Court and the Bankruptcy Court twice denied relief to Plaintiff, dismissed the Adversary lawsuit and that Plaintiff never moved for reconsideration or appeal of the adverse decisions.

//

3

## 3. <u>ARGUMENT</u>

### A.  Court should Dismiss complaint for failure to state a claim FRCP12 (b)(6)

A court may grant a Rule 12(b)(6) motion to dismiss if the complaint has failed to state a claim for which relief may be granted. FED. R. CIV. P.(FRCP) 12(b)(6). "Under *Twombly,* the relevant question is whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain enough factual allegations to state a claim that is plausible on its face in order to survive a motion to dismiss. *Iqbal*, 556 U.S. at 663. A claim is facially plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. See *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

While the record for a 12(b)(6) motion is usually limited to the four corners of the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001), consideration of judicially noticeable facts is allowed. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Under Federal Rule of Evidence (FRE) 201, a court may judicially notice a fact if it "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE. 201(b), (c). For purposes of a Rule 12(b)(6) motion, the court may consider material submitted with the complaint. See *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1989).

On a Motion to Dismiss under Rule 12(b)(6), the facts alleged are assumed to be true for the sole purpose of the Motion, even when, as here, a number of facts as stated are false or misleading. *Conley v Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957).

//

Under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) to survive a motion to dismiss, "Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* "[A] a formulaic recitation of the elements of a cause of action will not do.

Dismissal may be based on lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). Where a Plaintiff cannot allege other facts consistent with the Complaint that could possibly cure the deficiencies identified in a motion, the complaint must be dismissed without leave to amend. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986).

In this case, facts alleged and admitted in the Complaint itself indicate grounds to dismiss as there is no basis for any recovery by Plaintiff.

**B. Plaintiff's alleged RICO Claims for Relief are insufficiently specific under *Twombly*, *Iqbal* and *American Dental Association***

Plaintiff's RICO claims "must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with FRCP 9(b)'s heightened pleading standard, which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." See also *Ambrosia Coal & Constr. Co. v. Pages Morales,* 482 F.3d 1309, 1316 (11th Cir.2007) (holding that civil RICO claims, which are 'essentially a certain breed of fraud claims, must be pled with an increased level of specificity' under Rule 9(b))." *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1291 (11th Cir. 2010).

Pursuant to Rule 9(b), a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1380–81 (11th Cir.1997) (applying the requirements to a RICO fraud complaint). The Complaint herein utterly fails to meet that standard.

Plaintiff here asks the Court to fill in the many blanks he has left, by inference and imagination. This is insufficient. *Am. Dental Ass'n v. Cigna Corp.*, *supra*, at 1291. But a RICO complaint may not rely upon blanket references to acts or omissions by all of the defendants. Among other things, this requirement "serves to prevent the abuse of process and the disruption of the gratuitous defendant's normal business activity. *See Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 740–41, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975)." *Red Ball Interior Demolition Corp. v. Palmadessa*, 908 F. Supp. 1226, 1238 (S.D.N.Y. 1995).

See *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("the nonconclusory 'factual content,' and reasonable inferences from that content . . . [must] plausibly [suggest] a claim entitling the plaintiff to relief."); *Limestone Dev. Corp. v. Vill. of Lemont*, Ill., 520 F.3d 797, 802-03 (7th Cir. 2008) (stating that *Twombly* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case").

## C. RICO (Claims 1 and 2)
### 1) Alleged claims  fails to state a claim under FRCP 12(b)(6) by not alleging a chargeable act and should be dismissed

The RICO statute requires the predicate acts involve conduct that is "chargeable" or "indictable," and "offense[s]" that are "punishable," under various criminal statutes. § 1961(1).

Both of Plaintiff's alleged RICO Class Action claims involve allegations of "mail or wire fraud." The allegations are insufficient on their face and the facts that are alleged show that no fraud was committed that would support such accusations.

In *Miller v. Yokohama Tire Corp*., 358 F. 3d 616, 620 Court of Appeals, 9th Circuit 2004, the court found:

To allege a violation of mail fraud under § 1341, "it is necessary to show that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the

6

United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud."

In *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), the Supreme Court underscored that the term "defraud" in the mail fraud statute is given its established common law meaning. Id. at 21-25, 119 S.Ct. 1827. As a result, courts must look to common law to determine whether Plaintiff has stated a claim of actionable fraud.

The elements of a fraud claim under federal law and common law are:

(1)   the debtor made a representation;
(2)   at the time the debtor made the representation, he knew it was false;
(3)   the debtor made the false representation with the intention and purpose of deceiving the creditor;
(4)   the creditor relied on the false representation; and
(5)   as the proximate result of this false representation, the  creditor sustained loss and damage

*Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).

Apparently the alleged "representations" are the original contract, the letter dated March 6, 2015, and comments in filings made in a previous motion to dismiss a similar Complaint in the Bankruptcy Court. None of these are representations that would support a RICO Class Action claim.

As to the contract, Plaintiff does not attach the contract to the Complaint or quote what language Plaintiff claims was a misrepresentation. To accept that this was a misrepresentation would require the Plaintiff to allege that when the parties entered into the contract Plaintiff intended to default and file Bankruptcy to use the 11 U.S.C. §362 stay to continue the use of the truck after default and filing. It would also require the Plaintiff to allege that Defendants knew Plaintiff would default, file Bankruptcy to try to avoid the obligations of the contract through Bankruptcy. The Complaint merely states the Plaintiff "relied" on the contact provisions in entering into the contract, but does not state how he relied upon what provision of the contract that was false.

As for the letter, it was sent by the repossession agent after the Plaintiff filed Bankruptcy and was received three days after the filing. The only error is that the letter is it failed to include the credit for the resale price that had yet to be computed into the

7

records. It is unclear how that could have been material to the issues. It is also unclear how the Debtor could have justifiably relied on the letter. It was written after the sale, would not have been received until well after the filing of the bankruptcy. It says nothing about intent to hold off on sale even if it had been written before the sale. It certainly did not cause Debtor to delay anything, including the filing of the petition. No allegation is made as to how Plaintiff relied on the letter.

Finally, Plaintiff alleges comments and statements made in connection with the Motion to Dismiss the very similar Complaint in the Bankruptcy Court, were misrepresentations (which Defendants categorically deny). First, these statements are privileged under the Common Law Litigation Privilege, *Briscoe v. LaHue,* 460 U.S. 325, 333, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) , and California Civil Code §47. Second, nowhere does the Complaint allege how Plaintiff could have relied on these statements to his detriment when they were made in a court proceeding long after the truck had been repossessed and sold. It appears these allegations were included in an attempt to create a prejudicial view of Defendants. They could have no other purpose in the Complaint.

FRCP 9, requires allegations of fraud be alleged with particularity. Here, there is no adequate claim of any misrepresentation whatsoever. All the Complaint alleges is some vague allegation there might be a clause in contract that was not followed in Plaintiff's case and that there was a letter that did not reveal the truck had been sold. That does not create liability for fraud or misrepresentation.

See *Summit Properties Inc. v. Hoechst Celanese Corp.*, 214 F. 3d 556, 562 (5th Circuit 2000):

> In sum, when civil RICO damages are sought for injuries resulting from fraud, a general requirement of reliance by the plaintiff is a commonsense liability limitation. To hold otherwise would allow the threat of treble damages and attorney fees to infiltrate garden variety products liability cases whenever marketing promotions touted the merits of the products, even if no plaintiff relied on those representations.

//

Nothing in the Complaint reaches such a threshold as required by the law; nothing in the Complaints alleges or indicates how there could be any justifiable reliance on any alleged representation.

**2) Plaintiff has failed to allege two predicate act under section §1961(1) because has not alleged two predicate acts by defendants.**

The clearest failure of the RICO allegations is the utter failure to allege at least two predicate acts. The RICO law, at 11 U.S.C. §1961(5) requires a showing of :

"Pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity;

Nowhere in the Complaint does the Plaintiff allege even the minimum requirement of two predicate acts, it solely alleges the repossession and sale of one truck, allegedly without proper notice.

See *Howard v. America Online Inc*., 208 F. 3d 741, 748 (9th Circuit 2000)

To show a pattern under RICO, Plaintiffs must prove that there are a sufficient number of predicate acts "indictable" as mail or wire fraud. See 18 U.S.C. §§ 1961(1)(B), 1962(c). Citing acts as a part of a RICO pattern, without proving that they are indictable, is not sufficient.

Also see *Religious Technology Center v. Wollersheim,* 971 F. 2d 364, 366 (9th Circuit 1992), where the Court upheld dismissal of a Complaint for failure to allege two predicate acts:

An allegation of two isolated criminal acts is insufficient to satisfy the relatedness requirement, id.; the predicate offenses are related if they have "the same or similar purposes, results, participants, victims or methods of commission."

RICO does not apply to a single, isolated transaction. *Medallion Television Ent. v. SelecTV of California*, 833 F. 2d 1360(9th Circuit 1987).   Reliance on general, "information and belief" allegations is insufficient. *Colony at Holbrook, Inc. v. Strata GC, Inc.*, 928 F. Supp. 1224, 1231 (ED New York 1996). The Complaint completely fails to

cite two predicate acts, even if the repossession and sale of the truck was without proper notice. That alone is an insurmountable defect that requires dismissal with prejudice.

### 3) Plaintiff has failed to allege the existence of an "enterprise"

Plaintiff makes only conclusory allegations as to the existence of an enterprise. Under section 1962(c) a RICO enterprise must be "an entity separate and apart from the pattern of [racketeering] activity in which it engages." *United States v. Turkette,* 452 U.S. 576, 583 (1981); *United States v. Feldman*, 853 F.2d 648, 656 (9th Cir. 1988).  Proof of the enterprise may be established by "evidence of an ongoing organization, formal or informal, and by evidence that the *various associates function as a continuing unit*". *Id*, emphasis supplied. Plaintiff has not alleged any facts as to how or when an enterprise was created, who the associates were, or how it functioned, just an allegation that the parties "..engaged in the illegal conduct by way of partnership or other close relationship."Although a formal structure is not required for a RICO enterprise, the enterprise must *still* consist of participants acting in some way together, through some arrangement, with some means of collective decision making. *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007). This plaintiff has failed to allege such specific detail.

A relevant example is *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797 (7th Cir. 2008), in which a developer tried to allege that a village, various village officials, and an adjoining landowner had violated RICO by preventing development and forcing sale of property at less than fair market value. The Seventh Circuit held that the developer had failed to adequately allege an "enterprise" because the complaint alleged only "'an association of, between, and among the Village of Lemont, the Lemont Park District, and Lemont Township.'" *Id*., at 804.

The same type of allegation is included here. There was no association here.  The allegation is insufficient and cannot be the basis for a RICO complaint.

//

**4**. **Plaintiff has failed to allege that a business or property interest recognized by state law has been directly injured by the alleged racketeering activities.**

Plaintiff has failed to allege facts showing proximate cause or that he has standing. The plaintiff claiming civil RICO violations "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496-97, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985). "A defendant who violates section 1962 is not liable for treble damages to everyone he might have injured by other conduct, nor is the defendant liable to those who have not been injured." *Haroco, Inc. v. American National Bank & Trust Co. of Chicago,* 747 F.2d 384, 398 (1984), aff'd, 473 U.S. 606. In the Ninth Circuit (as in other circuits), federal courts "typically look to state law to determine 'whether a particular interest amounts to property'". *Diaz v. Gates*, 420 F.3d 897, 899 (9th Cir. 2005), citing *Doe v. Roe,* 958 F.2d 763, 768 (7th Cir.1992)

In addition, a plaintiff must allege that its harm:

> "....was proximately caused by the RICO predicate acts alleged, *i.e.* that there was a direct relationship between plaintiff's injury and the defendant's conduct. This requires a showing not only that the defendant's alleged RICO violation was the 'but-for' or cause-in-fact of his injury, but also that the violation was the legal or proximate cause."

> *Red Ball Interior Demolition Corp. v. Palmadessa*, 908 F. Supp. 1226 (SD New York 1995), at 1237, citing *Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 265–70 (1992).

Failure to adequately allege that a defendant's RICO predicate acts proximately caused plaintiff's injury is a defect of pleading and is grounds for dismissal at the pleading stage. *Id*.

Plaintiff cannot allege such proximately caused damage, as indicated above. The Plaintiff does not and cannot allege the collateral had a value greater than the amount owed

on it. Plaintiff makes entirely speculative allegations as to what he could have been able to do had the Bankruptcy Court ordered the equipment returned and he had been able to actually fund a Chapter 13 Plan. Nothing in the Complaint constitutes an adequate allegation of a predicate act that proximately caused Plaintiff's damage.

Allegation of some possible loss sales or profits is not enough. See *Anza v. Ideal Steel Supply Corp.*, 547 US 451, 459,  164 L. Ed. 2d 720(2006). There the Plaintiff alleged loss sales. The court rejected that as a basis for proximate cause. "... Businesses lose and gain customers for many reasons."

Finally, the causative link between alleged racketeering activities and any harm suffered by plaintiff that is required by Section 1964(c) is missing. "[A] person may not bring suit under § 1964(c) predicated on a violation of § 1962(d) for injuries caused by an overt act that is not an act of racketeering or otherwise unlawful under the statute." *Beck v. Prupis*, 529 U.S. 494, 507 (2000). Repossessing equipment under a defaulted contract and selling it while waiving deficiency is not an act of racketeering or other unlawful act under the statute. The damage of losing the equipment was caused by the failure of Plaintiff's business, his inability to make required payments and his ultimate bankruptcy. Accordingly, the actual harm plaintiff has suffered results from intervening causes, not purported racketeering. See, e.g., *Anderson v. Ayling*, 396 F.3d 265, 270-71 (3d Cir. 2005) (where the causal connection between the alleged wrong doing and the alleged harm is attenuated by independent causes, the plaintiff lacks standing). Plaintiff must demonstrate, amongst other things, that he has suffered an injury in fact—i.e., an "invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.*" Northeastern Fla. Chapter of the Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 663-664 (1993). Plaintiff cannot meet this foundational threshold. His alleged lost profit was speculative, not concrete, not actual and not imminent.

A "business or property" injury includes only tangible and concrete financial loss. *Guerrero v. Gates*, 357 F.3d 911, 920 (9th Cir.2004). One who has not suffered this

requisite tangible injury does not have standing to bring a civil RICO claim. As the Court of Appeals for the Ninth Circuit has explained:

> The requirement that a civil RICO Plaintiff have been injured in his "business or property" is an important limitation. RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff. Requiring that a plaintiff demonstrate a financial loss to her business or property is consistent with that purpose.

*Oscar v. University Students Co-operative Association*, 965 F.2d 783, 788 (9th Cir.1992).

This is precisely such a case where a Plaintiff takes a highly dubious, garden variety breach of contact action, tries to turn it into a "tort" and then manufactures an alleged RICO claim to get Federal jurisdiction in the hope of getting treble damages.

This point is underscored in the case of *Marina Point Dev. Associates v. United States*, 364 F. Supp.2d 1144, 1148 (C.D. Cal. 2005) ("Marina Point"). The District Court for the Central District of California granted defendant landowner's FRCP 12(b)(6)finding that the developer's allegations that the core of its injury claim was the deprivation of the intangible right to honest governmental services. The Court of Appeals ruled that because the "deprivation of the right to honest governmental services is not a tangible and concrete financial loss" it is not the injury to "business or property" required for civil RICO actions.

Here, the Plaintiff is alleging just such "deprivation of honest government service," i.e. the right to use the Bankruptcy Court in a scheme to hold on to the collateral for a defaulted loan in order to maximize income at Defendants' expense.

Accordingly, Plaintiff has not alleged facts establishing that his alleged harm "was proximately caused by the RICO predicate acts alleged, *i.e.* that there was a direct relationship between plaintiff's injury and the defendant's conduct." Plaintiff cannot allege any additional facts consistent with the crux of his Complaint that can cure this deficiency. Thus, as in *Marina Point*, the Complaint must be dismissed without leave to amend and with prejudice.

**5)  Plaintiff's First and Second Claims for Relief fails because the Complaint does not contain facts showing that all Defendants knowingly agreed to facilitate operation or management of a RICO enterprise.**

Plaintiff's claim under 18 U.S.C. § 1962(d), which prohibits a racketeering conspiracy, cannot be sustained as pleaded. Proper pleading of RICO conspiracy requires a showing that defendants intended to enter into an agreement or that the defendants had knowledge of the essential nature of the conspiracy. *Encompass Holdings, Inc. v. Daly*, WL 5088878, at *2 (N.D. Cal. Dec. 8, 2010). "A plaintiff must allege facts showing that the conspirator[s] ... intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense...Id. (citations omitted.) Additionally, the defendant must be "aware of the essential nature and scope of the enterprise and intend...to participate in it"). *U.S. v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir.2004).

There are six named Defendants listed. Nothing is alleged as to participation by anyone except Cornerstone. The Complaint is required to allege facts with respect to each Defendant's participation in the alleged fraud. *See Am. Dental Ass'n v. Cigna Corp.*, *supra*, at 1291.

Fraud allegations should specify the time, place, speaker, and content of the alleged misrepresentations. Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F. 2d 1242,1247 (2nd Cir. 1987)

**D.  Plaintiff's Third and Fourth Claims for Relief fail as there is no such Claim as "Civil Conspiracy"**

This Claim and all the remaining alleged claim are pendent state court claims. If the RICO action is defeated, there is no jurisdiction in this Court. (FRCP 12(b)(1).)

There is no such Claim for Relief for "Civil conspiracy." See *Beck v. Prupis*, 529 US 494, 501,502, 120 S. Ct. 1608, 146 L. Ed. 2d 561 (2000)("There is no tort of civil conspiracy in and of itself. There must first be pleaded specific wrongful acts which might constitute an independent tort")

14

**E.    Fifth and Sixth Claim for Relief Conversion and Violation of the Commercial Code is barred by applicable precedent**.

The Complaint's Fifth Claim for Conversion and Sixth Claim for Relief alleges the Debtor should get damages for alleged violation of the California Commercial Code and the UCC, apparently for the alleged failure to give notice of the sale. The problem with this allegation is that the California courts and courts in other states interpreting the UCC have not given any authority under the Commercial Code for such award of damages. The Code's provisions regarding the sale after repossession all go to the procedures a secured creditor needs to meet to be able to assert a deficiency. Defendants do not clam a deficiency.

The Commercial Code grants a secured creditor wide discretion on how to dispose of collateral after repossession. See CCC §9610(b), the secured creditor may dispose of the property by public or private proceedings. Or it can accept the collateral in satisfaction of the obligation. CCC §9622.

Failure to provide Notice of the sale only effects rights to a deficiency. See *Elster's Sales v. El Bodrero Hotel, Inc.*, 250 Cal. App. 2d 258, 58 Cal. Rptr. 492 (1967) :

> This policy tends to protect a defaulting buyer from any greater loss by way of deficiency judgment than the market reasonably justifies and thereby promotes an orderly marketing of repossessed goods in competition with new goods of equal quality and discourages distress sales brought about by forced liquidation.

Also see *Bank of America v. Lallana,* 77 Cal.Rptr.2d 910,960 P.2d 113319 Cal.4th 203 (1998). In other jurisdiction with the UCC, the result is the same. See *Banker v. Upper Valley Refrigeration Co., Inc.*, 771 F. Supp. 6, 9 ( Dist. Court, D. N.H.1991):

> A majority of jurisdictions do not require notice, and will in certain circumstances apply strict foreclosure by operation of law. These jurisdictions reason "that the Code intends `to put the creditor to an election either to sell the repossessed collateral pursuant to Section 9.504 or to retain the collateral in complete satisfaction of the debt pursuant to Section 9.505.'

Here, Cornerstone gave up any claim for a deficiency. By its actions, Cornerstone was agreeing to waive the deficiency. There is simply no authority in the Commercial Code or case law to support an award of general damages for failure to give notice. While no case has actually appears to has made such an interpretation, there may be   a requirement to account for a surplus, if there had been a surplus.  There was no surplus here and the Complaint does not allege any surplus was possible. Other jurisdictions interpreting the UCC provisions that find the same:

His (plaintiff's) only loss, if any, must be the difference between the market value of the collateral and the amount of the debt. He does not at this point contend that any such difference exists...

*Borg-Warner v. Scott*, 86 Wash.2d 276,543 P. 2d 638 (Wash: Supreme Court 1975)

Had Herring (plaintiff) received notice and made timely objection to Roberts Brothers' plan, he would be in no different position than he is today. This is because his damages could not be greater than the fair market value of the collateral less the balance due Roberts Brothers.

*Herring Min. v. Roberts Bros. Coal Co.*, 747 SW 2d 616 (Ky: Court of Appeals 1988).

Where a conditional vendor of property repossesses it and sells it other than in accordance with the statute, the measure of damage to the conditional vendee is the value of the property at time of taking less the amount then remaining due on the contract of sale. (Citation omitted) Under the unchallenged findings here, these amounts cancel each other out, and <u>plaintiff has suffered no actual damages</u>. And punitive, or exemplary, damages may be awarded only where the liability of the defendant for actual damages is established. (Emphasis added)

*Allard v. Ford Motor Credit Co.*, 139 Vt. 162 ,422 A. 2d 940 (1980)

...the measure of actual damages could in this instance be no greater than the difference between the maximum provable sale value of the collateral and the amount obtained through the Bank's disposition. And also, before entry of a money judgment in any amount based on actual damages, the Bank would have the benefit of setting off against this difference the balance, if any, of its debt which remained after crediting the moneys realized upon the sales which it made. Though actual damages may exist, a monetary award based on this measure of damages would depend upon existence of an "equity" in the collateral.

*In re Buttram*, 2 BR 92, 97 (Bankr. Court, ND Ok 1979)

Cornerstone accepted the collateral in full satisfaction of the debt and sold it. See *Aspen Enterprises, Inc. v. Bodge*, 37 Cal. App. 4th 1811, 37 Cal.App.4th 1811 (1995), *In re Crosby*, 176 BR 189, (9th Circuit BAP 1994).

Even if other damages were available, The complaint's allegations as to damages are obscure and speculative, at best. The Complaint seems to allege that had Cornerstone given the Debtor ten days notice after repossession, Debtor could redeemed the property. Except, CCC §9623 requires cash to redeem. So, Debtor alleges he could have filed this Chapter 13 during the ten days and used a Chapter 13 Plan to pay $80,000.00 over 60 months. To suggest he could have paid $16,000.00 per year to keep this truck when he was unable to make the monthly payments prior to the repossession is highly speculative, and certainly would not have been contemplated under the contract. And finally, lost profits could not be awarded in a RICO class action. *Anza v. Ideal Steel Supply Corp.*, 547 US 451, 459, 164 L. Ed. 2d 720(2006).

Further, the damages allowed for conversion are the same as violation of the Commercial Code: See *Neumeyer v. Union Bank*, 43 Cal. App. 3d 873, 43 Cal.App.3d 873 (1974)

Plaintiff's allegations do not provide a sufficient pleading as to how Defendants' actions results in his damage or how such damage could be calculated, even if there were a legal basis for general damages under the Commercial Code.

Neither the Commercial Code or case law provides any support for damages against a secured creditor who retains collateral in full satisfaction of a debt and sells it, other than a waiver of a deficiency. As Cornerstone does not, and never did, assert a deficiency, the Claim fails and should be dismissed with prejudice.

### F.  Seventh Claim for Relief for breach of contract fails to state a claim

The Complaint cites no particular provision of the Financing Agreement that would result in a claim of breach of contract. Indeed, the agreement is not attached to the Complaint. Again, the Complaint never specifically state that Debtor was not in default on

17

1
2
3
the contract at the time of repossession, but still alleges the repossession was somehow wrongful. Accepting to collateral in full satisfaction of the debt and waiving deficiency would normally be considered an advantage to a debtor.

4
5
6
7
8
As to any alleged violation of a covenant of god faith and fair dealing, there is no specific claim of violation.  While every contract has such an implied covenant, in a commercial contract that covenant  cannot be converted into a tort remedy. See *Seaman's Direct Buying Service, Inc. v. Standard Oil*, 36 Cal.3d 752 (1984) 206 Cal. Rptr. 354686 P. 2d 1158 (1984).

9
10
11
12
13
The Agreement specifically allows Cornerstone to repossess and sale the collateral on default. This bars any remedy claiming the repossession and sale violated the covenant. See *Carma Developers (Cal.) v. Marathon Dev. Calif.*, 2 Cal.4th 342, 826 P.2d 710 6 Cal. Rptr.2d 4671992  (1992) at 373

14
It is universally recognized the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract.

15
16
17
Further, this alleged claim has the same lack of specificity as to proximate cause for damages and does not provide a sufficient pleading as to how this results in his damage or how such damage could be calculated.

18
19
20
The Complaint has only alleged actions not in violation of contract, or actions which have no relation to any alleged damage. The Claim should be dismissed.

21
**G.  Eighth Claim for Relief for misrepresentation fails to state a claim**

22
23
24
As indicated in the discussion of RICO, Plaintiff failed to allege a the elements of fraud or misrepresentation. The elements of a fraud claim under common law are:

25
26
27
28
(1)     the debtor made a representation;
(2)     at the time the debtor made the representation, he knew it was false;
(3)     the debtor made the false representation with the intention and purpose of deceiving the creditor;

18

(4)    the creditor relied on the false representation; and

(5)    as the proximate result of this false representation, the creditor
        sustained loss and damage

*Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).

For the same reasons the RICO claims fail, the fraud claim fails.

FRCP 9, requires allegations of fraud be alleged with particularity. Here, there is no claim of any misrepresentation whatsoever.

The Court should dismiss this claim with prejudice, even if some other part of the Complaint remains. Plaintiff cannot allege any debt arose as a result of any misrepresentation. The claim has no basis in law and was improperly added to the Complaint.

**H.  Ninth Claim for Relief for unfair business practices fails to state a claim (California Business & Professions Code §§17200 et seq.)**

This claim fails for the same reason Claims Five through Eight fail.

This appear to be a "catch-all" allegation to try to create grounds for a class action under state law.   There was no violation of the Commercial Code that would create damages and there was no fraud even alleged.

Though many courts have described the scope of business activities prohibited by
§ 17200 in sweeping terms, there is no case authority that "fraudulent" business acts
are separately actionable by business competitors absent a showing that the public,
rather than merely the plaintiff, is likely to be deceived. .....just as it is necessary
under the "unfair" prong to show harm not merely to the plaintiff-competitor but
also to competition, so, too, should it be necessary under the "fraudulent" prong to
show deception to some members of the public, or harm to the public interest, and
not merely to the direct competitor or other non-consumer party to a contract.

*Watson Laboratories, Inc. v. Rhone-Poulenc Rorer*, 178 F. Supp. 2d  1099 (Dist. Court, CD Ca 2001)

The Claim should be dismissed.

//

**I.  Tenth Claim for Relief fails as it does not state grounds for a Declaratory Judgment.**

This is another alleged claim that is not a claim but a request for a remedy. As it is dependant on the previous nine flawed Claims for Relief, it also fails and should be dismissed.

See *Wickland Oil Terminals v. Asarco, Inc.*, 792 F. 2d 887, 893 (9th Circuit 1986)

Jurisdiction to award declaratory relief exists only in "a case of actual controversy." 28 U.S.C. § 2201. "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (Citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941))

Based on the foregoing lack of any basis stated in the Complaint to hold the Defendants liable, this alleged Claim for Relief should be dismissed with prejudice.

**4. <u>CONCLUSION</u>**

For the reasons stated herein, the Complaint should be dismissed with prejudice.


Respectfully submitted

DATED: January 19, 2016          WINTERS LAW FIRM


By:   */s/Dennis C. Winters*
Dennis C. Winters, Attorney for Defendants

20

# REQUEST FOR JUDICIAL NOTICE

Defendants Request Judicial Notice of the the files regarding the Plaintiff's Chapter 13 Bankruptcy file, Central district of California, Case # 2:15-bk-13465-VZ, and Adversary # 2:15-ap-1207 VZ  including:

Case# 2:15-bk-13465-VZ

1. Court's Order denying motion for Turnover and Sanctions.

2. Dismissal of Chapter 13.

 Adversary # 2:15-ap-1207 VZ

3. Complaint.

4. Motion to Dismiss

5. Order Granting Motion to Dismiss

DATED: January 19, 2016                    WINTERS LAW FIRM


                                    By:    /s/DennisWinters
                                    Dennis Winters, Attorney for Defendants

21

1

**DECLARATION Re Local Rule 7.3**

2

3
    I, Dennis Winters, state:

    I am the attorney for Movants herein.  The facts stated are within my personal

4

5
knowledge.

6
    The motion is made following the conference of counsel pursuant to Local Rule 7-3

7
took place on January 7, 2016, with a follow up conference on January 12, with additional e-

8

9
mail correspondence thereafter.

10
    I declare under penalty of perjury under the laws of the United States of America the

11
foregoing is true and correct.

12

13
    Executed on January 19, 2016 at Santa Ana, California.

14

15

16
                           */s/Dennis C. Winters*
                           Dennis C. Winters

17

18

19

20

21

22

23

24

25

26

27

28

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER

DENNIS C. WINTERS- BAR NO. 89872
WINTERS LAW FIRM
1820 East 17th Street
Santa Ana, CA  92705
Telephone:  (714) 836-1381
Facsimile:  (714) 542-2495
E-mail:winterslawfirm@cs.com

CLEAR FORM

ATTORNEY(S) FOR: Cornerstone Financial Defendant

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MOISES GARCIA GUILLEN<br><br>Plaintiff(s), | CASE NUMBER: | 2:15-CV-09699 RGK |
| v.<br><br>CORNERSTONE FINANCIAL SEVRICES;<br>DAVID STONE dba CORNERSTONE<br>FINANCIAL SERVICES; DAVID STONE,  et al<br><br>Defendant(s) | **CERTIFICATION AND NOTICE**<br>**OF INTERESTED PARTIES**<br>**(Local Rule 7.1-1)** | |

TO:      THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for      CORNERSTONE FINANCIAL SEVRICES; DAVID STONE etc.
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in
the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification
or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| CORNERSTONE FINANCIAL SEVRICES; DAVID STONE<br>dba CORNERSTONE FINANCIAL SERVICES; DAVID<br>STONE; an individual; John c. Beery dba JCB LEASING &<br>FINANCE; JOHN C. BEERY, an individual | DEFENDANTS |
| MOISES GARCIA GUILLEN | PLAINTIFF |

| | |
|---|---|
| January 19, 2016 | /s/ Dennis C. Winters |
| Date | Signature |

Attorney of record for (or name of party appearing in pro per):

Dennis C. Winters

CV-30 (05/13)                                                NOTICE OF INTERESTED PARTIES

1 PROOF OF SERVICE

2 I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
3 1820 E. 17ᵗʰ St. Santa Ana, CA

4 A true and correct copy of the foregoing document described **NOTICE OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM (FRCP 12(b)(6) & (1);** the **MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; DECLARATION; REQUEST FOR JUDICAL NOTICE** will be served or was served (a) on the judge in chambers in the form and manner required by Local Rule in the manner indicated below:

6

7 I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") – Pursuant to controlling Local Rule, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 19, 2016 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive  NEF transmission at the email address(es) indicated below:

9

10 Plaintiff's counsel:

11 tdorros@dorroslaw.com

12 justin westgatelaw.com

13

☐     Service information continued on attached page

14 II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):
15 On January 19, 2016 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

17

☐ Service information continued on attached page

18 III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling Local Rule , on January 19, 2016I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

21 Box for Judge R. Gary Klausner, Judge's Box outside Clerk's Office, Rm 181L Spring Street
22 By Atty service hand delivery

☐  Service  information  continued  on  attached page

24 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

26 January 19, 2016          Dennis Winters                    */s/ Dennis Winters*
_____
27 *Date*                              *Type Name*                              *Signature*

28

3

PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1820 E. 17ᵗʰ St. Santa Ana, CA

A true and correct copy of the foregoing document described **AMENDED NOTICE OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM (FRCP 12(b)(6) & (1);** the **MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; DECLARATION; REQUEST FOR JUDICAL NOTICE, CERTIFICATE OF NOTICE TO RE INTERESTED PARTIES** will be served or was served (a) on the judge in chambers in the form and manner required by Local Rule in the manner indicated below:

I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") – Pursuant to controlling Local Rule, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 20, 2016 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive  NEF transmission at the email address(es) indicated below:

Plaintiff's counsel:

tdorros@dorroslaw.com
justin westgatelaw.com

☐     Service information continued on attached page

II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):
On January 20, 2016 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling Local Rule , on January 20, 2016I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Box for Judge R. Gary Klausner, Judge's Box outside Clerk's Office, Rm 181L Spring Street By Atty service hand delivery

Copy of Certificate of Notice re Interested Parties to Magistrate.
☐  Service  information  continued  on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 20, 2016 | Dennis Winters | */s/ Dennis Winters* |
| --- | --- | --- |
| *Date* | *Type Name* | *Signature* |

3